**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROBERT ALY,

      Plaintiff,

    vs.                                              No. CIV 96-1481 JC/DJS

ROCKY MOUNTAIN HOLDING, L.L.C.,
d/b/a ROCKY MOUNTAIN HELICOPTERS,
and ROCKY MOUNTAIN HELICOPTERS, INC.,
KATHY DAVIS, former Director of Emergency
Services for University of New Mexico Hospital, and
PENNY GRINER, former Chief Flight Nurse, and
EILEEN GRASS, former Chief Flight Nurse,
individually,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendants Rocky Mountain Holding, L.L.C., and Rocky Mountain Helicopters, Inc.'s (the "Rocky Mountain" Defendants) Motion in Limine to Exclude Expert Testimony of W. A. Blessing and James G. Kettles, filed November 6, 1997 (Doc. No. 85), Motion in Limine to Exclude Evidence Regarding Rocky's Safety Record and Other Evidence, filed December 3, 1997 (Doc. No. 105), Motion in Limine to Exclude Proposed Expert Testimony of Robert Dodd, filed December 8, 1997 (Doc. No. 109) and Motion in Limine Regarding Gerald Murphy, filed December 8, 1997 (Doc. No. 113). The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities.

The Court finds that Rocky Mountain's Motion in Limine to Exclude Expert Testimony of W. A. Blessing and James G. Kettles is not well taken and will be denied. The Court further finds

that Rocky Mountain's Motion in Limine to Exclude Evidence Regarding Rocky's Safety Record and Other Evidence is well taken in part and will be granted in part. Finally, the Court finds that Rocky Mountain's Motion in Limine to Exclude Proposed Expert Testimony of Robert Dodd is well taken and will be granted.

**Analysis**

I will deny Rocky Mountain's motion to exclude the expert testimony of W. A. Blessing and James G. Kettles. The testimony of these experts is probative of Mr. Aly's piloting skill and goes to show that Rocky Mountain's proffered reason for discharging Plaintiff was pretextual. The testimony is not character evidence. The testimony is not "a generalized description of [Mr. Aly's] disposition, or of the disposition in respect to a general trait, such as honesty, temperance or peacefulness." McCormick, EVIDENCE § 195 (4th ed. 1992).

I will grant in part Rocky Mountain's motion to exclude evidence regarding Rocky Mountain's safety record. Since the issue of one engine or two has been removed from the case, evidence of the previous Rocky Mountain helicopter crashes identified in Defendants' memorandum is no longer of consequence to the determination of this action.[1] I will, however, allow Plaintiff to present evidence of any B2 crashes that have resulted from the engine lock-ups Plaintiff experienced in Lifeguard One. I will also allow evidence of the B2's engine lock-up at the Albuquerque International Airport, and the resulting delay in treatment of the child. (Defs.' Mem. Supp. at 3.)

As to the other safety issues identified in Rocky Mountain's memorandum (Defs.' Mem. Supp. at 2) and the testimony of Gerald Murphy (Mot. re Gerald Murphy) at this juncture I cannot determine their admissibility. I will delay ruling on these issues until further evidence is presented.

---

[1] For this same reason, Rocky Mountain's motion in limine to exclude Dr. Dodd's testimony will be granted.

I remind the parties that my previous Memorandum Opinion and Order did not deal with Plaintiff's complaints regarding the helicopter refueling station, the collision avoidance system, or the construction at the hospital that made landing more difficult. (Rocky Mountain's motions did not sufficiently address these issues.)

Wherefore,

IT IS HEREBY ORDERED as follows:

1. Defendants Rocky Mountain Holding, L.L.C., and Rocky Mountain Helicopters, Inc.'s Motion in Limine to Exclude Expert Testimony of W. A. Blessing and James G. Kettles, filed November 6, 1997 (Doc. No. 85) is **denied**.

2. Defendants Rocky Mountain Holding, L.L.C., and Rocky Mountain Helicopters, Inc.'s Motion in Limine to Exclude Evidence Regarding Rocky's Safety Record and Other Evidence, filed December 3, 1997 (Doc. No. 105) is **granted in part**. Plaintiff's crash evidence is limited to crashes occurring in B2 type aircraft resulting from the engine lock-ups of which Plaintiff was complaining.

3. Defendants Rocky Mountain Holding, L.L.C., and Rocky Mountain Helicopters, Inc.'s Motion in Limine to Exclude Proposed Expert Testimony of Robert Dodd, filed December 8, 1997 (Doc. No. 109) is **granted**.

    _____
    **CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Eric Scott Jeffries |
| | Ripley B. Harwood |
| | Jeffries & Rugge, P. C. |
| | Albuquerque, New Mexico |
| | |
| Counsel for Defendants: | Scott D. Gordon |
| | Amy E. Badger |
| | Rodey, Dickason, Sloan, Akin & Robb, P. A. |
| | Albuquerque, New Mexico |
| | |
| | Paul R. Ritzma |
| | Paul M. Schneider |
| | NM Legal Bureau/RMD |
| | Santa Fe, New Mexico |