IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT ALY,

        Plaintiff,

        vs.                                      No. CIV 96-1481 JC/DJS

ROCKY MOUNTAIN HOLDING, L.L.C.,
d/b/a ROCKY MOUNTAIN HELICOPTERS,
and ROCKY MOUNTAIN HELICOPTERS, INC.;
and KATHY DAVIS, former Director of Emergency
Services for University of New Mexico Hospital, and
PENNY GRINER, former Chief Flight Nurse, and
EILEEN GRASS, former Chief Flight Nurse,
individually,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came on for consideration of Plaintiff's Motion to Reconsider or to Certify to the New Mexico Supreme Court or for Interlocutory Appeal, filed May 13, 1998 (Doc. No. 165). The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that the motion is not well taken and will be denied.

A motion to reconsider is appropriate where the "Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rounds v. City of Chicago, No. 94 C 1708, 1996 WL 99408, at *1 (N.D. Ill. Mar. 5, 1996). Another "basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." Id. "A motion to reconsider cannot be used to present evidence that could have been

adduced during pendency of the original motion." T.Y. v. Board of County Comm'rs, 926 F. Supp. 162, 165 (D. Kan. 1996). In essence, a motion to reconsider is not appropriate to re-argue an issue already decided by the Court. See Frederick v. Southeastern Penn. Transp. Auth., 926 F. Supp. 63, 64 (E.D. Pa. 1996).

I find Plaintiff's motion to reconsider to be an attempt to re-argue the same issues on which I have previously ruled. Plaintiff has failed to identify any newly-discovered evidence, and the applicable law has not changed in the intervening months.

In my April 2, 1998 Memorandum Opinion and Order, I indicated that a twin-engine choice by University Hospital would have precluded the Lifeguard One program. I took that information from Pat Conway's January 11, 1996 letter to Mr. Aly. (Pl.'s Resp. Rocky's Mot. for Par. Summ. J. Ex. 8, filed February 2, 1998 (Doc. No. 136)). In hindsight I should have indicated that the twin-engine choice **might** have precluded the program. Nevertheless, my reasoning and holding would be the same without that sentence; the decision to fly a single-engine helicopter was a cost/benefit business decision. Although the decision may have implicated safety, it did not rise to the level of a constitutional public concern. Thus, Plaintiff's motion to reconsider will be denied.

I will also deny Plaintiff's request to certify the wrongful discharge question to the New Mexico Supreme Court and his request for an interlocutory appeal on the constitutional public concern issue. Allowing a certification and/or an interlocutory appeal on these issues would not be an efficient use of judicial resources. The Court has adequate case law guidance from New Mexico and the Tenth Circuit to make these decisions. Allowing certification or interlocutory appeal for every difficult case-by-case decision--like this one--would flood the appellate courts.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Reconsider or to Certify to the New Mexico Supreme Court or for Interlocutory Appeal, filed May 13, 1998 (Doc. No. 165), is **denied**.

DATED this 16th day of June, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Eric Scott Jeffries |
| | Ripley B. Harwood |
| | Jeffries & Rugge, P.C. |
| | Albuquerque, NM |
| Counsel for Defendants: | Scott D. Gordon |
| | Rodey, Dickason, Sloan, Akin & Robb, P.A. |
| | Albuquerque, NM |
| | |
| | Paul M. Schneider |
| | NM Legal Bureau/RMD |
| | Santa Fe, NM |