**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROBERT ALY,

Plaintiff,

vs. No. CIV 96-1481 JC/DJS

ROCKY MOUNTAIN HOLDING, L.L.C., d/b/a ROCKY MOUNTAIN HELICOPTERS, and ROCKY MOUNTAIN HELICOPTERS, INC.; KATHY DAVIS, former Director of Emergency Services for University of New Mexico Hospital, and PENNY GRINER, former Chief Flight Nurse, and EILEEN GRASS, former Chief Flight Nurse, individually,

Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Plaintiff's Objections to Magistrate's Order Barring Discovery Against the Nurse Defendants, filed June 3, 1998 (Doc. No. 182), Plaintiff's Motion for Relief from Magistrate's Order of November 18, 1997, filed July 22, 1998 (Doc. No. 220), and Plaintiff's Objections to Magistrate's July 14 Order Denying June 10 and July 8 Motions to Compel, filed July 27, 1998 (Doc. No. 226). The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Plaintiff's Motion for Relief from Magistrate's Order of November 18, 1997 and Plaintiff's Objections to Magistrate's July 14 Order Denying June 10 and July 8 Motions to Compel are not well taken and will be denied. The Court will defer ruling on Plaintiff's Objections to Magistrate's Order Barring

Discovery Against the Nurse Defendants pending Magistrate Judge Svet's amplification of the rationale behind his June 3, 1998 order.

Plaintiff objects to three of Magistrate Judge Svet's orders in this case. All three of the orders involve discovery matters that are non-dispositive in nature. Plaintiff's first objection is to the order filed on June 3, 1998 (Doc. No. 181). In that order, Judge Svet: (1) denied Plaintiff's request to depose Amy Boule, Dr. Judith Brillman, Pam Galbraith and Larry Lucero; (2) denied Plaintiff's request to re-depose Kathy Davis; (3) granted in part Plaintiff's request to re-depose Defendant Penny Griner; and (4) ordered the University Defendants to disclose whether a patient who was to be transported to UNMH by Lifeguard One died after the helicopter experienced an engine lock-up and was unable to transport the patient.

Plaintiff's second objection is to Judge Svet's November 19, 1997 order (Doc. No. 100) preventing the trial deposition of Mr. James Kettles for failure to provide an expert report in accordance with Federal Rule of Civil Procedure 26(a)(2)(B).

Plaintiff's final objection is to Judge Svet's July 14, 1998 order (Doc. No. 216) denying Plaintiff's June 10, 1998 and July 8, 1998 motions to compel. Judge Svet denied the motions because they were briefed beyond the June 19, 1998 discovery deadline.

Rule 72(a) of the Federal Rules of Civil Procedure establishes a clearly erroneous standard of review for a magistrate judge's pretrial orders on non-dispositive matters. "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "The clearly erroneous standard is intended to give the magistrate a free hand in managing discovery issues." R. MARCUS & E. SHERMAN, COMPLEX LITIGATION at 643 (1985).

In this regard, "the reviewing court [must] affirm [the decision of the magistrate court] unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

I find no error in Judge Svet's orders of November 19, 1997 and July 14, 1998. Judge Svet's reasoning and rationale, as described in the respective orders, is valid.[1] I also find no exceptional circumstances warranting relief under Fed. R. Civ. P. 60(b) for either of these orders. Thus, I will affirm Judge Svet's November 19, 1997 and July 14, 1998 orders.[2]

As to Judge Svet's June 3, 1998 order, I cannot determine the basis for Judge Svet's ruling. Judge Svet's order did not explain the rationale behind his ruling and the hearing held on the underlying motions was not transcribed. In this case, "[a] written order by the magistrate detailing the determination" is necessary "even though review is only under a clearly erroneous standard." 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed. 1997). I will, therefore, defer ruling on this motion and request Judge Svet to provide the underlying rationale to his previous order.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from Magistrate's Order of November 18, 1997, filed July 22, 1998 (Doc. No. 220), and Plaintiff's Objections to Magistrate's

---

[1] The Court was unaware of the misrepresentations made to Mr. Kettles in its April 22, 1998 Memorandum Opinion and Order. The Court was also unaware of Mr. Kettle's unwillingness to participate in this lawsuit at that time.

[2] I also find Plaintiff's objection to Judge Svet's November 19, 1997 order to be untimely. Under Fed. R. Civ. P. 72(a), a party has ten days to file an objection to the magistrate's order. Plaintiff's objection is seven months too late.

July 14 Order Denying June 10 and July 8 Motions to Compel, filed July 27, 1998 (Doc. No. 226), are **denied**. It is further requested that Magistrate Judge Svet provide amplification to his June 3, 1998 order (Doc. No. 181).

DATED this 31st day of August, 1998.

**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff: Eric Scott Jeffries
Ripley B. Harwood
Jeffries & Rugge, P. C.
Albuquerque, New Mexico

Counsel for Defendants: Scott D. Gordon
Rodey, Dickason, Sloan, Akin & Robb, P. A.
Albuquerque, New Mexico

Paul M. Schneider
NM Legal Bureau/RMD
Santa Fe, New Mexico