IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


ROBERT ALY,

       Plaintiff,

       vs.                                                    No. CIV 96-1481 JC/DJS

ROCKY MOUNTAIN HOLDING, L.L.C.,
d/b/a ROCKY MOUNTAIN HELICOPTERS,
and ROCKY MOUNTAIN HELICOPTERS, INC.;
KATHY DAVIS, former Director of Emergency
Services for University of New Mexico Hospital,  and
PENNY GRINER, former Chief Flight Nurse, and
EILEEN GRASS, former Chief Flight Nurse,
individually,

       Defendants.


**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Bankruptcy and Prior Wrongful Discharge Complaint, filed July 8, 1998 (Doc. No 208), Motion in Limine to Exclude Expert Testimony by W. A. Blessing, filed July 9, 1998 (Doc. No. 212), the University Defendants' Motion to Dismiss Claim of Retaliatory Discharge, filed June 25, 1998 (Doc. No. 194), and the University Defendants' Motion for Summary Judgment under Celotex Corp. v. Catrett, filed June 26, 1998 (Doc. No. 198).  The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities.  The Court finds that Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Bankruptcy and Prior Wrongful Discharge Complaint and the University Defendants' Motion to Dismiss Claim of Retaliatory Discharge are well taken and will be granted.  The Court further finds that the University Defendants'

Motion for Summary Judgment under <u>Celotex Corp. v. Catrett</u> is well taken in part and will be granted in part.  The Court also finds that Defendants' Motion in Limine to Exclude Expert Testimony by W. A. Blessing is not well taken and will be denied.

**I.     Plaintiff's Bankruptcies and Prior
         Retaliatory Discharge Suit**

Plaintiff moves to exclude any reference to his two prior bankruptcies and to his prior wrongful discharge claim at trial.  Defendants counter that Plaintiff's most recent bankruptcy (in 1995) and his prior retaliatory discharge claim are admissible under Federal Rule of Evidence 404(b).  Defendants argue Plaintiff's prior retaliatory discharge claim is relevant to show knowledge, plan and motive.  Defendants also contend Plaintiff's bankruptcy is relevant to show a financial motive in this suit.

For evidence to be admissible under Rule 404(b), the evidence must:  (1) be offered for a proper purpose; (2) be relevant; and (3) have probative value that is not substantially outweighed by the potential for unfair prejudice.  See <u>United States v. Hill</u>, 60 F.3d 672, 676 (10th Cir. 1995) (<u>citing</u> <u>Huddleston v. United States</u>, 485 U.S. 681, 691-92 (1988)).

I find Defendants' attempt to characterize Plaintiff's prior retaliatory discharge suit under 404(b) to be improper.  The mere fact that Plaintiff knew how to file a retaliatory discharge suit does not equate to the specific type of knowledge contemplated under Rule 404(b).  Cf. <u>United States v. York</u>, 888 F.2d 1050, 1056 57 (5th Cir. 1989) (receipt of check from key player in scheme admitted to counter contention of lack of knowledge about transactions).  Additionally, Defendants' contention that Plaintiff's knowledge of retaliatory discharge suits somehow creates a common plan

or motive is unavailing. Plaintiff's retaliatory discharge suit of eleven years ago cannot be a common plan or motive for the present case.

Even if Plaintiff's prior lawsuit were admissible under Rule 404(b), it would still be inadmissable under Federal Rule of Evidence 403. The probative value of Plaintiff's prior retaliatory discharge suit (minimal at best) is substantially outweighed by the potential for unfair prejudice in this case. A jury would likely, and quite improperly, view Plaintiff's case with skepticism when informed of Plaintiff's previous retaliatory discharge claim.

I also find the probative value of Plaintiff's 1995 bankruptcy to be substantially outweighed by the potential for unfair prejudice in this case. Defendants' argument that Plaintiff's bankruptcy implicates a financial motive for the filing of this lawsuit is an extreme stretch--especially in light of the protracted nature of lawsuits, and the fact that most plaintiffs, even without bankruptcy, have a financial stake in their lawsuits. The negative connotation jurors might associate with Plaintiff's bankruptcy--minimal as it might be--outweighs the probative value of the bankruptcy.

I will allow Defendants to re-raise the 1995 bankruptcy issue at trial if Plaintiff opens the door to such evidence on his direct examination. Defendants, however, are to raise the issue outside the presence of the jury, and only if the issue arises.

## II.    The Expert Testimony of W. A. Blessing

Defendant Rocky Mountain Helicopters moves to exclude the testimony of Plaintiff's expert, W. A. Blessing, who will testify to an independent flight test conducted by a Mr. James Kettle. I find that Plaintiff's expert can reasonably rely on Mr. Kettles' flight test to form his opinion of Plaintiff's piloting skill.

Mr. Blessing personally observed Plaintiff's piloting skill during a flight test in a Bell Long Ranger helicopter. Mr. Blessing also administered a written piloting test to Plaintiff. Following these tests, Mr. Blessing arranged for Plaintiff to be independently tested in the AS 350 helicopter with Mr. Kettles. Because Mr. Blessing was not qualified in the AS 350, but was still purportedly a qualified instructor pilot, I find that he could reasonable rely on Mr. Kettles' report. Therefore, if Mr. Blessing is qualified as an expert at trial, he will be allowed to testify as to Mr. Kettles' flight test.

### III. The University Defendants' Motion to Dismiss the Claim of Retaliatory Discharge

The three University of New Mexico Hospital ("UNMH") Defendants (Kathy Davis, Penny Griner and Eileen Grass) move to dismiss Plaintiff's state law retaliatory discharge claim brought against them. The UNMH Defendants argue that the New Mexico Tort Claims Act ("NMTCA") does not waive sovereign immunity for retaliatory discharge claims brought against New Mexico state employees.

Under the NMTCA "any public employee while acting within the scope of duty [is] granted immunity from liability for any tort except as waived by Sections 41-4-5 through 41-4-12 NMSA 1978." N.M. Stat. Ann. § 41-4-4(A) (Repl. Pamp. 1996). I find no waiver of immunity under any of the enumerated sections for a retaliatory discharge claim. Therefore, the UNMH Defendants are immune from Plaintiff's retaliatory discharge claim.

### IV. The University Defendants' Summary Judgment Motion

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law."

Fed. R. Civ. P. 56(c).  When faced with a summary judgment motion, the Court must review the factual record in a light most favorable to the nonmoving party.  See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  Summary judgment will only be granted "if there is not sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1266 (10th Cir. 1996) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

The UNMH Defendants move for summary judgment on Plaintiff's § 1983 claim against them.  The UNMH Defendants argue "Plaintiff's claims against [them] are unsubstantial and factually unsupported."  (See Br. Supp. at 4.)

I agree with the UNMH Defendants with respect to Defendant Eileen Grass.  Plaintiff has identified nothing to support the § 1983 claim against her.  Plaintiff acknowledged this fact in the September 1, 1998 pretrial conference.[1]  Therefore, I will grant summary judgment for Defendant Eileen Grass.

As to Defendants Kathy Davis and Penny Griner, I find that there is a genuine issue of material fact as to whether they conspired with Rocky Mountain to terminate Plaintiff for voicing safety concerns.  (See, e.g., Pl.'s Resp. Rocky's Mot. Partial Summ. J., filed February 2, 1998 (Ex. 1 at 39, 69-72; Ex. 3 at 27-28, 70-72; Ex. 4; Ex. 5; and Ex. 8 (cc: Penny Griner).)

---

[1] Plaintiff also indicated Ms. Grass would be dismissed from the lawsuit.

Wherefore,

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Bankruptcy and Prior Wrongful Discharge Complaint, filed July 8, 1998 (Doc. No. 208), is **granted**;

2. The University Defendants' Motion to Dismiss Claim of Retaliatory Discharge, filed June 25, 1998 (Doc. No. 194), is **granted**;

3. Defendants' Motion in Limine to Exclude Expert Testimony by W. A. Blessing, filed July 9, 1998 (Doc. No. 212), is **denied**; and

4. The University Defendants' Motion for Summary Judgment under Celotex Corp. v. Catrett, filed June 26, 1998 (Doc. No. 198), is **granted in part**. Summary judgment is granted in favor of Defendant Eileen Grass and against Plaintiff on Plaintiff's 42 U.S.C. § 1983 claim.

DATED this 3rd day of September, 1998.

_____
CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Counsel for Plaintiff: | Eric Scott Jeffries, Ripley B. Harwood<br>Jeffries & Rugge, P. C.<br>Albuquerque, New Mexico |
| Counsel for Defendants: | Scott D. Gordon<br>Rodey, Dickason, Sloan, Akin & Robb, P. A.<br>Albuquerque, New Mexico<br><br>Paul M. Schneider<br>NM Legal Bureau/RMD<br>Santa Fe, New Mexico |