**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROBERT ALY,

Plaintiff,

vs. No. CIV 96-1481 JC/DJS

ROCKY MOUNTAIN HOLDING, L.L.C., d/b/a ROCKY MOUNTAIN HELICOPTERS, and ROCKY MOUNTAIN HELICOPTERS, INC.; KATHY DAVIS, former Director of Emergency Services for University of New Mexico Hospital, and PENNY GRINER, former Chief Flight Nurse,

Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Plaintiff's Objections to Magistrate's Order Barring Discovery Against the Nurse Defendants, filed June 3, 1998 (Doc. No. 182). The Court has reviewed the objections, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Plaintiff's objections are not well taken and will be **denied**.

Plaintiff objects to Magistrate Judge Svet's order filed on June 3, 1998 (Doc. No. 181). In that order, Judge Svet: (1) denied Plaintiff's request to depose Amy Boule, Dr. Judith Brillman, Pam Galbraith and Larry Lucero; (2) denied Plaintiff's request to re-depose Kathy Davis; (3) granted in part Plaintiff's request to re-depose Defendant Penny Griner; (4) did not waive the 30-day time period for document production under Federal Rule of Civil Procedure 34; and (5) ordered the University Defendants to disclose whether a patient who was to be transported to UNMH by Lifeguard One died after the helicopter experienced an engine lock-up and was unable to transport the patient.

Rule 72(a) of the Federal Rules of Civil Procedure establishes a clearly erroneous standard of review for a magistrate judge's pretrial orders on non-dispositive matters. "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). "The clearly erroneous standard is intended to give the magistrate a free hand in managing discovery issues." R. MARCUS & E. SHERMAN, COMPLEX LITIGATION at 643 (1985). In this regard, "the reviewing court [must] affirm [the decision of the magistrate court] unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

I find no error in any of the rulings contained in Judge Svet's order of June 3, 1998. Judge Svet's rationale for each of the rulings, as described in his September 8, 1998 order (Doc. No. 250), is valid. I will, therefore, deny Plaintiff's objections to Judge Svet's June 3, 1998 order.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Objections to Magistrate's Order Barring Discovery Against the Nurse Defendants, filed June 3, 1998 (Doc. No. 182), are **denied**.

DATED this 14th day of September, 1998.

John E. Conway

**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff: Eric Scott Jeffries
Ripley B. Harwood
Jeffries & Rugge, P.C.
Albuquerque, New Mexico

Counsel for Defendants: Scott D. Gordon
Rodey, Dickason, Sloan,
Akin & Robb, P.A.
Albuquerque, New Mexico

Paul M. Schneider
NM Legal Bureau/RMD
Santa Fe, New Mexico